**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRY ROBERTO MOLINA-CONTRERAS-CONTRERAS,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 18-73410<br><br>Agency No. A073-698-219<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2021
Submission Withdrawn March 24, 2021
Resubmitted July 7, 2021[**]
Las Vegas, Nevada

Before: BENNETT and NGUYEN, Circuit Judges, and HARPOOL,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

Petitioner Henry Roberto Molina-Contreras-Contreras timely seeks review of the Board of Immigration Appeals ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of relief from removal. Applying the legal standards applicable to membership in a protected group, *see* 8 U.S.C. § 1231(b)(3), and the Convention Against Torture (CAT), we deny the petition.

1. Substantial evidence supports the BIA's determination that Molina-Contreras-Contreras failed to establish a nexus between any harm and his membership in a family social group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (reviewing the agency's factual findings under the deferential "substantial evidence" standard). In order for Molina-Contreras to establish that he is entitled to withholding of removal he must demonstrate that it is more likely than not that he will be persecuted in Guatemala on account of a protected group. 8 U.S.C. § 1231(b)(3)(A); *see Barajas-Romero v. Lynch*, 846 F.3d 351, 356 (9th Cir. 2017). Molina-Contreras failed to establish that his alleged membership in a particular social group will be a reason for his persecution. *Id.* at 357-59.

The BIA found that Molina-Contreras presented no testimony or evidence that established gang members sought to harm him because of his status as a family member, or any other statutorily protected reason. Rather, it appeared that

they sought to harm him because of his interference with their extortion activities. Molina-Contreras's argument that the BIA abused its discretion by failing to analyze Molina-Contreras's claim of membership in a protected group has no merit, as the BIA and IJ both discussed this claim and found it did not meet the withholding of removal requirements.

2.    The BIA and the IJ applied the correct legal standards to Molina-Contreras's claim under the Convention Against Torture, and substantial evidence supports the denial of that relief. *See Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008) (holding that we review de novo claims of legal error); *Riera-Riera v. Lynch*, 841 F.3d 1077, 1079 (9th Cir. 2016) (reviewing for substantial evidence the denial of CAT relief). Molina-Contreras's testimony that a policeman advised him "you'd better leave because that's a very dangerous gang," coupled with the Country Report identifying widespread corruption in Guatemala, does not establish a likelihood of future torture in Guatemala with the acquiescence of the government.

3.    The agency had jurisdiction over the underlying removal proceedings. While aliens have a right to fair procedures, they have no constitutional right to force the government to re-adjudicate a final removal order by unlawfully

reentering the country. *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2007). Molina-Contreras's argument that a putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a valid notice to appear under Immigration and Nationality Act § 239(a), *see Pereira v. Sessions*, 128 S. Ct. 2105, 2114 (2018), fails because the Ninth Circuit held in *Karingithi v. Whitaker*, 913 F.3d 1158, 1162 (9th Cir. 2019), that *Pereira* did not apply to the jurisdiction of proceedings.

**PETITION DENIED.**